UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN CHEN, | Case No. 2:16-CV-343 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| CVS/CAREMARK CORP., | |
| Defendant(s). | |

    Presently before the court are the report and recommendation of Magistrate Judge Foley (ECF No. 9) suggesting that the present case be dismissed with prejudice because of plaintiff's death (ECF No. 8). No timely objections to the report and recommendation have been filed.

    This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party fails to object to a magistrate judge's report and recommendation, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Relevantly, Federal Rule of Civil Procedure 25(a)(1) states that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

More than 90 days have elapsed since plaintiff's death. (ECF No. 8). During that time, no successors or representatives of the decedent filed motions to substitute. Indeed, plaintiff's son has indicated his intent to not pursue the case. *Id.* Therefore, this court adopts Magistrate Judge Foley's report and recommendation.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Foley (ECF No. 9) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that this matter be, and the same hereby is, DISMISSED with prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED August 24, 2016.

                                              /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**